ROONEY v. DUBUQUE COUNTY.

1. **Interest**: COUNTY WARRANTS: PRESENTMENT. The publication of notice to the effect that the treasurer is ready to redeem all outstanding county warrants, does not have the effect to stop the interest upon warrants which have been presented and indorsed by the treasurer, in the absence of means of payment. Nothing but an actual tender will suspend the accumulation of interest.

*Appeal from Dubuque District Court.*

THURSDAY, OCTOBER 5.

IN May, 1870, the defendant executed and delivered to the plaintiff a county warrant, and on the 7th day of June, 1870, plaintiff presented said warrant to the treasurer of the defendant for payment. Payment was not made for want of funds, and the treasurer indorsed the presentment for payment with the date, and signed the same.

Plaintiff again presented said warrant for payment in April, 1875. The treasurer offered to pay the principal of the warrant and interest to June 1st, 1871. On the trial the defendant offered to prove that from and after May 31st, 1871, up to the commencement of the suit, the county was provided with funds, and was ready and willing to pay all its warrants and orders, and on the 20th day of May, 1871, the treasurer inserted a notice in the Dubuque Herald, notifying the public that all outstanding warrants would be redeemed on presentation, and plaintiff saw and read said notice. This evidence was held by the court to be immaterial, and judg-

ment was rendered against the county for the warrant, and interest at six per cent per annum, from the time of its first presentment for payment to the date of the judgment. Defendant appeals.

*S. M. Pollock* and *J. Lenehan*, for appellant.

*E. McCeney*, for appellee.

ROTHROCK, J.—It was provided by Sec. 361, Rev. of 1860, which was in force when the warrant in question was presented for payment, that when a warrant is "presented for payment and is not paid for want of money, the treasurer shall indorse thereon a note of that fact and the date of presentment, and sign it, and thenceforth it shall draw interest at the rate of six per cent; and when a warrant which draws interest is taken up, the treasurer is required to indorse upon it the date and the amount of interest allowed."

There is no provision of the statute that upon giving notice that the county is ready to redeem its warrants, the interest thereon shall cease. In the absence of such provision we think the county should be held to the same rule as an individual, and nothing short of an actual tender will suspend the accumulation of interest. The question made that this is impracticable on account of its inconvenience we concede, and admit its force if addressed as an argument to the legislature, in favor of some enactment on the subject. But our province is to administer the law as we find it, and in our judgment the court below properly held, conceding all that was claimed by appellant, that it was still liable for interest.

AFFIRMED.